UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lendora Gilchrist, ) | C/A No. 4:13-1856-JMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| K.D. Maharugha; Alpha Parmar; Sam Parmar; and ) | |
| Parth's Incorporated, d/b/a Comfort Inn, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Lendora Gilchrist ("Plaintiff") brings this case pro se, proceeding *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges employment discrimination and defamation against Defendants, her former employers. This case should be summarily dismissed.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, this pro se Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999),

construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

In the instant Complaint, Plaintiff seeks compensation from her former employer, "Parth's Incorporated, d/b/a Comfort Inn;" her supervisor at her former place of employment, K.D. Maharugha; as well as the business owners, Alpha Parmar and Sam Parmar (collectively, "Defendants"). Compl. 2, ECF No. 1. Plaintiff's factual allegations here mirror the facts alleged in a prior case regarding Plaintiff's employment, in which Plaintiff sued "Parth's Incorporated, d/b/a Comfort Inn" and Alpha Parmar.[1] Plaintiff again claims race discrimination, averring her race was the reason her work hours were reduced and the reason she was terminated. She also again claims she was improperly terminated because of missing night-deposit funds wrongly attributed to her and because she allegedly allowed an unauthorized person "in an authorized area[.]" *Id.* at 7-8. Plaintiff claims defamation of character for having been accused of stealing and for the owners' having obtained a police report regarding the incident. *Id.* She seeks back pay from 2009 to 2013, in addition to other compensation. *Id.* at 8.

Plaintiff's instant Complaint is considered as one brought pursuant to Title VII of the Civil

---

[1] In Plaintiff's prior case, *Gilchrist v. Parth's Inc.*, No. 4:10-cv-03034-JMC (D.S.C.), the court granted summary judgment on behalf of Defendants. *See* 2011 WL 6887734 (D.S.C. Dec. 29, 2011), *adopting* Report and Recommendation, 2011 WL 6842992 (D.S.C. Oct. 3, 2011). The Fourth Circuit Court of Appeals affirmed in an unpublished, per curium opinion, No. 12-1056 473 F. App'x 188 (4th Cir. 2012); *cert. denied*, 133 S. Ct. 2410 (May 20, 2013). Plaintiff notes the prior action and its disposition in the instant Complaint. Compl. 1-4, ECF No. 1. This court may take judicial notice of Plaintiff's prior action. *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

Rights Act of 1964 (Title VII), which creates a federal cause of action for employment discrimination. *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 136-37 (4th Cir. 1995). A Title VII plaintiff must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). A federal court can assume jurisdiction over a Title VII claim only after the plaintiff has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *Davis,* 48 F.3d at 136-37. These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission (EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. A plaintiff's claim with the EEOC "defines the scope of [her] subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. *Id.*

When the state in which the alleged discrimination occurred has enacted a law "prohibiting the unlawful employment practice alleged" and "has establish[ed] or authoriz[ed] a State or local authority to grant or seek relief from such practice," proceedings must first be commenced under the state law before a charge may be filed with the EEOC. *Davis,* 48 F.3d at 137 (quoting 42 U.S.C. § 2000e-5(c)). South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency," the South Carolina Human Affairs Commission (SCHAC), with essentially the same powers as the EEOC. Accordingly, a claimant with an employment claim against an employer in South Carolina must first file her claim with such agency. *See id.* at 138 (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a

chance to resolve the claim and thereby possibly alleviate the need for the involvement of the federal agency or courts. *See id.* at 137.

Thus, Title VII provides that "a federal discrimination claim brought by a private party cannot be heard by a federal district court until the EEOC has conducted an investigation and determined the validity of the claim." *Davis,* 48 F.3d at 137-38 (citing § 2000e-5(b)). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a right-to-sue letter to the claimant, "which letter is *essential* to initiation of a private Title VII suit in federal court." *Id.* at 138 (emphasis added).

The filing of a verified complaint with the EEOC must be timely. In South Carolina and other deferral states, the complaint must be filed with the EEOC by the earlier of 300 days from the last discriminatory act or 30 days from the termination of the state agency's proceeding. *See* 42 U.S.C. § 2000e-5(e)(1). Plaintiff has failed to allege any attempt to meet the preconditions in the instant suit. Plaintiff has not proffered a right-to-sue letter, nor has she made any allegation that she has exhausted her administrative remedies as required by Title VII.

Further, in Plaintiff's previous suit litigating this matter, Plaintiff alleged that as of the date of that complaint (November 24, 2010), she had exhausted her administrative remedies and filed within the 90-day time limitation of her "right to sue" letter. Compl. 4 (ECF No. 1 in C/A No. 4:10-cv-03034-JMC). Accordingly, it has now been almost three years since Plaintiff exhausted her administrative remedies, making her Complaint based on those same actions untimely.

The court has no jurisdiction to consider her employment discrimination claim raised in the matter under review. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Having considered the instant Complaint and compared it to Plaintiff's prior employment litigation brought in this court against the same employer, *Gilchrist v. Parth's Inc.*, No. 4:10-cv-03034-JMC (D.S.C.), the undersigned alternatively recommends the action may be dismissed with prejudice pursuant to the doctrine of res judicata/claim preclusion. When judicial economy will be served, particularly when a prior case was brought in the same court, the court may raise the issue of res judicata sua sponte. *See Erline Co., S.A. v. Johnson,* 440 F.3d 648, 655 (4th Cir. 2006) (finding court may sua sponte raise res judicata defense in "special circumstances," including resolution of issues already decided by the same court); *Singleton v. Warden*, C/A No. 4:12-cv-2541-TLW, 2012 WL 6675032 (D.S.C. Sept. 18, 2012), adopted in 2012 WL 6674966 (D.S.C. Dec. 21, 2012) (same). If the United States District Judge adopts this Recommendation on res judicata grounds, such dismissal will be with prejudice. *See Singleton*, 2012 WL 6675032.

Under the doctrine of res judicata/claim preclusion, a prior suit will bar claims in a subsequent claim if: (1) the parties in the two actions are identical or are in privity; (2) the judgment in the first action was a final judgment on the merits; and (3) the "claims in the two actions are identical." *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 326-27 (4th Cir. 2007). To be "identical" for these purposes, claims must arise out of the same "transaction," connoting a "natural grouping or common nucleus of operative facts." *Id.* at 327 (internal quotations and citations omitted).

Here, the parties are the same or are virtually the same, in that the only additional named Defendants in this action, Maharugha and Sam Parmar, are again sued in connection with the same facts litigated in Gilchrist's earlier employment suit in this court, C/A No. 4:10-cv-3034-JMC. The judgment in the prior case is unquestionably final. Further, the claims presented here arise from the

5

same facts—concerning alleged employment discrimination and reduction of hours because of allegedly false allegations of stealing money and permitting unauthorized persons behind the desk. *Compare* Compl. in 4:10-cv-03034-JMC *with* instant Compl.  The court notes Plaintiff's Complaint now under consideration seeks "to be recompensed for Defamation of Character for" having been falsely accused of stealing and falsely accused of having an unauthorized person in an authorized area." Compl. 8, ECF No. 1. Plaintiff also seeks to be "recompensed for Discrimination (race)." *Id.* Her prior complaint, which was considered by the court at the summary-judgment stage of that litigation, included a claim for discrimination under both federal and state employment laws. In setting forth relief sought, Plaintiff included a request for damages that included "humiliation and loss of reputation." Compl. in 4:10-3034-JMC at 4.

All three requisites for res judicata/claim preclusion are present. Accordingly, the undersigned recommends the court consider dismissing the instant Complaint *with prejudice* based on res judicata/claim preclusion.

Further, to the extent the court considers Plaintiff's Complaint to include a cause of action for defamation based on South Carolina state law, the undersigned recommends it be dismissed because there remain no federal claims, and there is no independent basis for jurisdiction over the state-law claim.  The court "may decline to exercise supplemental jurisdiction" over such claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Therefore, it is recommended that the court not exercise supplemental jurisdiction in this case.

<u>Recommendation</u>

6

Accordingly, the undersigned recommends the court dismiss the Complaint in the above-captioned case with prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

IT IS SO RECOMMENDED.

November 5, 2013                                                            Kaymani D. West
Florence, South Carolina                                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).