# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Lendora Gilchrist, ) | |
| ) | Civil Action No. 4:13-cv-01856-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| K.D. Maharugha, Alpha Parmar, Sam ) | |
| Parmar, Parth's Incorporated d/b/a Comfort ) | |
| Inn, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Lendora Gilchrist ("Plaintiff") filed this *pro se* action alleging employment discrimination and defamation by Defendants K.D. Maharugha, Alpha Parmar, Sam Parmar, and Parth's Incorporated, doing business as Comfort Inn (collectively "Defendants"). (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial handling. On November 5, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the case with prejudice and without issuance and service of process. (ECF No. 17.) This review considers Plaintiff's Objections to the Report ("Objections"), filed November 22, 2013. (ECF No. 20.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **DISMISSES** the case with prejudice.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case are discussed in the Report. (*See* ECF No. 17.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

1

Plaintiff filed the complaint on July 8, 2013, alleging Defendants, her former employer, falsely accused her of stealing money and allowing an unauthorized person to access an "authorized area," actions for which she was fired. (ECF No. 1 at 7.) Plaintiff further accuses Defendants of discrimination, alleging hours were taken from Plaintiff's schedule and given to a white employee. (*Id.* at 8.) Plaintiff seeks to be compensated for discrimination and defamation of character due to the accusations and to receive back pay for 2009 to 2013. (*Id.*)

The Magistrate Judge issued the Report recommending summary dismissal on November 5, 2013. (ECF No. 17.) In the Report, the Magistrate Judge noted that the complaint is virtually identical to a complaint for which summary judgment was granted for the Defendants. (*Id.* at 2, *see* Civil Action No. 4:10-cv-03034-JMC, ECF No. 44.) Due to the identical claims in this and Plaintiff's previous complaint, the Magistrate Judge recommended dismissing the action with prejudice pursuant to the doctrine of *res judicata*/claim preclusion. (*Id.* at 5.) The Magistrate Judge found that the complaint met the three-part test to apply *res judicata*, which says a prior suit will bar claims in a subsequent action if "(1) the parties in the two actions are identical or are in privity; (2) the judgment in the first judgment was a final judgment on the merits; and (3) the 'claims in the two actions are identical.'" (*Id.,* citing *Bouchat v. Bon-Ton Dep't Stores, Inc.,* 506 F.3d 315, 326-27 (4th Cir. 2007).) In addition, the Magistrate Judge found that the court has no jurisdiction over Plaintiff's employment discrimination claim as Plaintiff has not fully exhausted her administrative remedies in state court and with the Equal Employment Opportunity Commission. (*Id.* at 3-4.) Having recommended dismissal of all of Plaintiff's federal claims, the Magistrate Judge further recommended the court decline to exercise supplemental jurisdiction over Plaintiff's state law defamation claim. (*Id.* at 6.)

Plaintiff timely filed her Objections on November 22, 2013. (ECF No. 20.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe her arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments

that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In her Objections, Plaintiff argues that the Defendants have failed to "sustain burden of production for Defamation of Character[ ] (Surveillance camera footage)" and have "not made known the hidden facts/details surrounding the closure of discrimination." (ECF No. 20 at 1.) However, Plaintiff fails to address the Magistrate Judge's *res judicata* analysis or the analysis of Plaintiff's failure to exhaust her administrative remedies on her employment discrimination claim. Plaintiff also fails to address the Magistrate Judge's recommendation that the court decline to exercise supplemental jurisdiction over Plaintiff's defamation claim. As such, Plaintiff failed to properly object to the Report with specificity and thus the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 17). It is therefore ordered that this action (ECF No. 1) is **DISMISSED** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

United States District Judge

October 22, 2014
Columbia, South Carolina